IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY BUSH, #303045           *
    Plaintiff
  v.                          *     CIVIL ACTION NO. AMD-05-206

OFFICER BROADWATER, et al.    *
    Defendants
                                  ***

MEMORANDUM

This 42 U.S.C. § 1983 prisoner civil rights complaint for damages and general injunctive and declaratory relief concerns allegations of harassment and retaliation in the form of verbal threats and abusive comments, denial of recreation, infractions, body cavity and cell searches, cell and tier housing changes, and work assignments while confined at the Western Correctional Institution ("WCI").[1] Paper Nos. 1 & 8. Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment, which has been treated as a summary judgment motion. Paper No. 18. Plaintiff filed an opposition. Paper No. 20. The court shall now examine the complaints and pleadings and enter a determination on the matter.

(i)

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal

---

[1] Plaintiff claims that these actions occurred due to his race, homosexuality, and his filing of complaints.

conclusions or pleaded facts, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to particular acts or practices. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Rule 56 of the Federal Rules of Civil Procedure provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Under that rule, a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In this case, it is plaintiff's responsibility as the non-moving party to respond to the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

(ii)

According to defendants' records,[2] plaintiff was on a WCI honor tier from September 2 to September 22, 2004, and from October 22, 2004, to May 12, 2005, when he was placed on segregation. Paper No. 18, Ex. 1 at "Housing" Attachments. On December 30, 2004, plaintiff received his annual security reclassification which indicated that he was to remain in medium

---

[2] As noted by plaintiff in his own declaration, none of the defendants have filed declarations or affidavits responding to the his allegations. Rather, defendants rely on the undated declaration of WCI Case Management Specialist Jeffrey Nines to attest to the veracity of base and medical file records. Paper No. 18, Ex. 1.

security because he was an escape risk and had remaining obligations to the U.S. Bureau of Prisons. *Id.*, Ex. 1 at "Case Management Records."

Records show plaintiff was assigned to the institutional labor pool in May 2004 when he arrived at WCI, but was removed from the labor pool on September 18, 2004, upon an informal disposition of Sgt. Coleman's infraction charging plaintiff with refusing to complete an assignment. *Id.*, Ex. 1 at "Case Management Records." Plaintiff was placed on the job bank dietary and assigned to dietary unskilled on December 3, 2004. *Id*. On December 10, 2004, he was reassigned to dietary semi-skilled. Paper No. 18, Ex. 1 at "Case Management Records." Twenty days later, however, Correctional Officer Moffett discovered that plaintiff was taking food out of the dietary department. *Id*. As a result, he was reassigned from dietary semi-skilled to job bank dietary.[3] *Id*.

Plaintiff filed a number of administrative remedies relating to the alleged misconduct of the defendants.[4] *Id.*, Ex. 1 at "Request for Administrative Remedies" Attachments. The remedies were dismissed. *Id*. In addition, on September 29, 2004, plaintiff was interviewed and it was explained to him that the strip search he received was not a body cavity search but a proper Division of Correction strip search. *Id.*, Ex. 1 at "Responses." Further, he was informed that he had violated his honor tier contract by refusing to work and disobeying a direct order and that he could resubmit a request for placement on an honor tier in 30 days. Paper No. 18, Ex. 1 at "Responses." On

---

[3]In his opposition, plaintiff indicates that he was found not guilty of this institutional charge. Paper No. 20 at 10.

[4]The attached remedies from August and September 2004, go to plaintiff's claims that: (1) he was "racially discriminated against" when Officer Broadwater made verbally abusive and threatening comments to him; (2) he was harassed, abused, and threatened by Sgt. Coleman when he was asked to do additional labor and then ordered to lock in his cell, without recreation, upon his refused to perform the work; and (3) he was erroneous removed from the honor tier. Paper No. 18, Ex. 1 at "Request for Administrative Remedies" Attachments.

November 19, 2004, plaintiff was told that he was not a good candidate for a preferred job because he had previously been removed from his labor pool job for refusing to work. *Id.*

Defendants, upon reliance of the attachments submitted with the summary judgment motion, assert that the action is subject to dismissal because it has been filed in violation of the Prison Litigation Reform Act provision requiring exhaustion of administrative remedies. Title 42 U.S.C., § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). There is no doubt that this exhaustion requirement is mandatory and that all available prison administrative remedies must now be exhausted. *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 678 (4th Cir. 2005).

Plaintiff's complaint falls under the exhaustion requirements of § 1997e(a) and his claims must be dismissed unless he can show that he has fully exhausted the available administrative remedy process or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 98 Fed.Appx. 253 (4th Cir. 2004) (per curiam). Based upon the record and plaintiff's acknowledgment that he failed to exhaust his

remedies as to all issues from the institutional level to the Inmate Grievance Office, the complaint is subject to dismissal under 42 U.S.C. § 1997(e). *See Chase*, 286 F.Supp.2d at 230.[5]

(iii)

For the aforementioned reasons, defendants' motion to dismiss or for summary judgment shall be granted. A separate order follows.

Filed: October 28, 2005

_/s/_____
Andre M. Davis
United States District Judge

---

[5] Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To succeed on an equal protection claim, plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *see also Washington v. Davis*, 426 U.S. 229, 239-42 (1976); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Plaintiff must at least go beyond mere conclusory assertions that a particular action was taken because of his race and sexual preferences. *See Chapman v. Reynolds*, 378 F.Supp. 1137, 1139 (W.D. Va. 1974).
  While a claim that retaliation was taken against an inmate for the exercise of a constitutional right states a claim under 42 U.S.C. § 1983, *American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 784-86 (4th Cir. 1993), the plaintiff alleging retaliation "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial motivating fact in the prison officials' decision." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).
  Plaintiff has a difficult burden of coming forward with verifiable proof, e.g., records or witness declarations, to show that the searches, the housing movements, or job assignments were retaliatory in nature, occurred due to racial animus, or were without reasonable and legitimate purpose. The limited record placed before the court by defendants would seem to show that decisions regarding plaintiff's job assignments were dictated, in part, by plaintiff's refusal to comply with a work order. The court cannot, however, substantively review the merits of the claims due to defendants' failure to provide a particularized response to all allegations with verified materials and declarations, given on the basis of personal knowledge of the affiants.